**Usha LATA; Yasuyuki Suzuki, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–74549.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 20, 2004.

R.App. P. 34(a)(2).

Vinay R. Chari, Esq., Law Offices of Virender Kumar Goswami, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Norah Ascoli Schwarz, Esq., Luis E. Perez, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Usha Lata, a native and citizen of Fiji, and her husband, Yasuyuki Suzuki, a native and citizen of Japan, petition for review of the decision of the Board of Immigration Appeals ("BIA"), affirming an immigration judge's ("IJ") denial of their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. "Where, as here, the BIA reviews the IJ's decision de novo, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir.2000). We review for substantial evidence and reverse only if the evidence compels the opposite conclusion. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000). We deny the petition for review.

■ Even assuming Lata's testimony is credible, the evidence does not compel the conclusion that the threats she received at her job and in her home on account of her marriage to a Japanese man, rose to the level of persecution. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995).

■ The evidence also does not compel the conclusion that Lata established a subjective fear of future persecution because she testified that the denial of her husband's work visa instigated their decision to leave Fiji, and that if his work visa had been extended, they would not have left Fiji. *See Berrotran–Melendez v. INS*, 955 F.2d 1251, 1257–58 (9th Cir.1992) (denying the petition for review for failure to present credible testimony demonstrating a genuine subjective fear of persecution).

By failing to qualify for asylum, petitioners failed to meet the more stringent stan-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Petitioners' CAT claim also fails because they did not show that it would be more likely than not that they would be tortured if returned to Fiji. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741, 749–50 (9th Cir.2004), petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**